U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 MAY 20  PM 12: 05

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

COURTHOUSE NEWS SERVICE; VERMONT )
PRESS ASSOCIATION, INC.; NEW ENGLAND )
FIRST AMENDMENT COALITION; GRAY )
MEDIA GROUP, INC. d/b/a WCAX-TV; )
GANNETT VERMONT PUBLISHING, INC. )
d/b/a *Burlington Free Press*; SAMPLE NEWS )
GROUP, LLC d/b/a *Barre-Montpelier Times* )
*Argus* and *Rutland Herald*; *VTDigger*, a project of )
the VERMONT JOURNALISM TRUST, LTD.; )
VERMONT COMMUNITY NEWSPAPER )
GROUP, LLC d/b/a *Stowe Reporter*, *News &* )
*Citizen*, *South Burlington Other Paper*, *Shelburne* )
*News*, and *The Citizen*; and DA CAPO )
PUBLISHING, INC. d/b/a *Seven Days*, )
     Plaintiffs )
)
)
     v. )
)
)
PATRICIA GABEL, in her official capacity as the )
State Court Administrator of the Supreme Court of )
the State of Vermont; AMANDA STITES, in her )
official capacity as Clerk of Court for Addison, )
Bennington, and Rutland Counties; MARGARET )
VILLENEUVE, in her official capacity as Clerk of )
Court for Caledonia, Essex, Orleans, and )
Washington Counties; CHRISTINE BROCK, in )
her official capacity as Clerk of Court for )
Chittenden County; GAYE PAQUETTE, in her )
official capacity as Clerk of Court for Franklin, )
Grand Isle, and Lamoille Counties; and ANNE )
DAMONE, in her official capacity as Clerk of )
Court for Orange, Windham, and Windsor )
Counties, )
     Defendants )
)
)
)
)
)

Case No. 2: 21-cv-132

gravel &
  shea | ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Courthouse News Service ("CNS"), along with the Vermont Press Association, Inc.; New England First Amendment Coalition; Gray Media Group, Inc. d/b/a WCAX-TV; Gannett Vermont Publishing, Inc. d/b/a *Burlington Free Press*; Sample News Group, LLC d/b/a *Barre-Montpelier Times Argus* and *Rutland Herald*; *VTDigger*, a project of the Vermont Journalism Trust, Ltd.; Vermont Community Newspaper Group, LLC d/b/a *Stowe Reporter*, *News & Citizen*, *South Burlington Other Paper*, *Shelburne News*, and *The Citizen*; and Da Capo Publishing, Inc. d/b/a *Seven Days* (collectively, the "Vermont Media Plaintiffs" and together with CNS, "Plaintiffs"), by and through their undersigned counsel, allege the following in support of their Complaint for Injunctive and Declaratory Relief against defendants Patricia Gabel, in her official capacity as the State Court Administrator of the Supreme Court of the State of Vermont; Amanda Stites, in her official capacity as Clerk of Court for Addison, Bennington, and Rutland Counties; Margaret Villeneuve, in her official capacity as Clerk of Court of Caledonia, Essex, Orleans, and Washington Counties; Christine Brock, in her official capacity as Clerk of Court for Chittenden County; Gaye Paquette, in her official capacity as Clerk of Court for Franklin, Grand Isle, and Lamoille Counties; and Anne Damone, in her official capacity as Clerk of Court for Orange, Windham, and Windsor Counties (collectively, "Defendants"):

## Introduction

1.     This case seeks to address inordinate delays in public and press access in the Superior Courts of Vermont to newly filed civil complaints in violation of the First Amendment.

2.     Since time beyond memory, the press has reviewed new civil complaints when they crossed the intake counter in courts across the country. Journalists reviewed the new complaints as part of their work on the courthouse beat, because they often contained news of

gravel &
shea  ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 2 -

disputes and controversies with local and national import. That news was reported as soon as the complaints were received, because, like fresh bread, news grows stale quickly. Most federal courts and many state courts carried that tradition of access into the modern era of electronic filing of new complaints and other litigation documents, but some state courts, including the Vermont Superior Courts, have taken the opportunity of the seismic shift away from paper filing of new complaints to push the press and public behind the clerical process of docketing the new filings, giving rise to unconstitutional delays in access.

3.      The First Amendment provides the press and public with a presumptive right of access to newly filed civil complaints, and where the right of access applies, it must be contemporaneous. Grounded in the right of free expression, contemporaneous access to newly filed civil complaints is fundamental to the press and the public – it is essential to accurate and fair reporting of civil court actions before they become yesterday's news and is thus vital to the public's ability to be aware of and discuss what is occurring in the judiciary. When a complaint is withheld, it "leaves the public unaware that a claim has been leveled and that state power has been invoked – and public resources spent – in an effort to resolve the dispute." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

4.      The First Amendment right of access attaches to judicial documents, including complaints, upon receipt of those documents by the court. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (noting "the importance of immediate access where a right to access is found").

5.      In the Vermont Superior Courts, despite a statewide conversion from paper to electronic filing as of March 15, 2021, newly filed non-confidential civil complaints are not made available to the press and public in a contemporaneous manner. Instead, Defendants –

gravel &
shea   ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 3 -

state and county clerks responsible for the administration of court records and implementing the policies and practices challenged in this action – withhold access to non-confidential civil complaints after filing, while they sit in electronic queues, sometimes for days, waiting to be reviewed and processed before being made public.

6.      Not only do these delays – experienced by CNS, the Vermont Media Plaintiffs, other press entities, and the general public – violate the First Amendment, they are also easily avoidable, as demonstrated by courts across the country that utilize electronic filing of civil complaints and provide access upon receipt. Defendants can, but have declined to, do so here.

7.      Similar "no access before process" policies have been deemed unconstitutional in violation of the First Amendment. Federal courts across the nation have overturned policies and practices that delayed access to newly filed complaints for even a short time while they were being processed into a court's docket because such fail constitutional scrutiny. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 596-97 (9th Cir. 2020) and, on remand, *Planet*, No. 11-cv-8083. Amd. Judgment, ECF Doc. No. 270 at 1 (C.D. Cal. Jan. 26, 2021); *Courthouse News Serv. v. Schaefer*, 440 F.Supp.3d 532, 561 (E.D. Va. 2020); *Courthouse News Serv. v. Tingling*, No. 1:16-cv-08742-ER, 2016 WL 8739010 (S.D.N.Y. Dec. 16, 2016); *Courthouse News Serv. v. Jackson*, 2009 WL 2163609, at *4 (S.D. Tex. July 20, 2009).

8.      As the Southern District of New York explained in *Tingling*, "[t]he newsworthiness of a particular story is often fleeting. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression. Each passing day may constitute a separate and cognizable infringement of the First Amendment."

gravel &
shea |ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 4 -

9.      Accordingly, Plaintiffs seek declaratory and injunctive relief requiring Defendants to provide contemporaneous access to newly filed civil complaints and prohibiting Defendants, as well as any employees or others acting at their behest, from denying press and public access to newly filed complaints until after they have been processed, reviewed, and approved by court staff.

### Jurisdiction and Venue

10.     Plaintiffs' claims arise under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 U.S.C. § 1983, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. § 1331, because these are federal questions, and 28 U.S.C. § 1343, because these are civil rights claims.

11.     Defendants are subject to personal jurisdiction in this Court as of the time of filing because, upon information and belief, Defendants are individuals who reside in Vermont.

12.     Venue is proper in the District of Vermont pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the Complaint occurred in this District, all Defendants act in their official capacities in this District, and, upon information and belief, all Defendants reside in this District, and this District is also where their primary place of employment is located.

### Parties

13.     CNS is a California corporation with its principal place of business in Pasadena, California. A widely read legal news service with thousands of subscribers, including other media outlets, across the nation, CNS specializes in reporting about civil lawsuits from the date of filing through the appellate level in state and federal courts throughout the United States.



gravel &
shea  ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

CNS' comprehensive and timely coverage of civil litigation through its print, website, and e-mail publications has made it a go-to source of information about the nation's civil courts.

14.     Vermont Press Association, Inc. is a Vermont non-profit membership organization with its principal place of business in South Burlington, Vermont. It represents the interests of the 10 daily and more than three dozen non-daily printed newspapers in circulation in Vermont.

15.     New England First Amendment Coalition is a Massachusetts non-profit organization with its principal place of business in Westborough, Massachusetts. The coalition is a broad-based organization of people who believe in the power of transparency in a democratic society. It aspires to advance and protect the freedoms of the First Amendment and the right of the people to know about its government in Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont.

16.     Gray Media Group, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia. It operates WCAX-TV, a CBS-affiliated television station which broadcasts to Vermont, Northern New York, and Western New Hampshire.

17.     Gannett Vermont Publishing, Inc. is a Delaware corporation with its principal place of business in McLean, Virginia. It publishes the *Burlington Free Press*, a daily circulation media outlet serving Vermont.

18.     Sample News Group, LLC is a Pennsylvania limited liability company with its principal place of business in Corry, Pennsylvania. It publishes the *Barre-Montpelier Times Argus*, a daily circulation newspaper serving northern Vermont, and the *Rutland Herald*, a daily circulation newspaper serving southern Vermont.



gravel &
shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

19.     *VTDigger* is an online newspaper in circulation throughout Vermont and is operated as a project of the Vermont Journalism Trust, Ltd., a Vermont non-profit organization with its principal place of business in Montpelier, Vermont.

20.     Vermont Community Newspaper Group, LLC is a Vermont limited liability company with its principal place of business in Stowe, Vermont. It publishes the *Stowe Reporter*, *News & Citizen*, *South Burlington Other Paper*, *Shelburne News*, and *The Citizen*, weekly newspapers in circulation throughout Vermont.

21.     Da Capo Publishing, Inc. is a Vermont corporation with its principal place of business in Burlington, Vermont. It publishes *Seven Days*, a weekly newspaper in circulation throughout Vermont.

22.     Defendant Patricia Gabel is sued in her official capacity as State Court Administrator of the Supreme Court of the State of Vermont. The State Court Administrator is responsible for, among other things, oversight of the administrative infrastructure of the Vermont Judiciary, including trial court and appellate court administration. Acting in her official capacity, Ms. Gabel, as well as those acting under her direction and supervision, is directly involved with and responsible for implementing the policies and procedures that result in the withholding of access to newly filed complaints that the media and public experience in the Vermont Superior Courts. Ms. Gabel's actions and the resulting delay and denial in access to newly filed complaints take place under color of Vermont law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On information and belief, Ms. Gabel resides and is employed in the State and District of Vermont.

23.     Plaintiffs also name as defendants the Superior Court Clerks for the fourteen counties of Vermont in their official capacities. Vermont Superior Courts are the trial courts that



gravel &
shea |ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

hear the majority of civil actions (excluding matrimonial and probate matters) in Vermont state courts. Accordingly, Superior Court Clerks are responsible for, among other things, the administration of civil court records and the provision of public access to those records.

24.    Defendant Amanda Stites is sued in her official capacity as the Court Clerk for Addison, Bennington, and Rutland Counties. Acting in her official capacity, Ms. Stites, as well as those acting under her direction and supervision, is directly involved with and responsible for the delays and denials of access to newly filed complaints that Plaintiffs encounter. Ms. Stites' actions and the resulting delay and denial in access take place under color of Vermont law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On information and belief, Ms. Stites resides and is employed in the State and District of Vermont.

25.    Defendant Margaret Villeneuve is sued in her official capacity as the Court Clerk for Caledonia, Essex, Orleans, and Washington Counties. Acting in her official capacity, Ms. Villeneuve. as well as those acting under her direction and supervision, is directly involved with and responsible for the delays and denials of access to newly filed complaints that Plaintiffs encounter. Ms. Villeneuve's actions and the resulting delay and denial in access take place under color of Vermont law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On information and belief, Ms. Villeneuve resides and is employed in the State and District of Vermont.

26.    Defendant Christine Brock is sued in her official capacity as the Court Clerk for Chittenden County. Acting in her official capacity, Ms. Brock, as well as those acting under her direction and supervision, is directly involved with and responsible for the delays and denials of access to newly filed complaints that Plaintiffs encounter. Ms. Brock's actions and the resulting

gravel &
shea |ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 8 -

delay and denial in access take place under color of Vermont law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On information and belief, Ms. Brock resides and is employed in the State and District of Vermont.

27. Defendant Gaye Paquette is sued in her official capacity as the Court Clerk for Franklin, Grand Isle, and Lamoille Counties. Acting in her official capacity, Ms. Paquette, as well as those acting under her direction and supervision, is directly involved with and responsible for the delays and denials of access to newly filed complaints that Plaintiffs encounter. Ms. Paquette's actions and the resulting delay and denial in access take place under color of Vermont law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On information and belief, Ms. Paquette resides and is employed in the State and District of Vermont.

28. Defendant Anne Damone is sued in her official capacity as the Court Clerk for Orange, Windham, and Windsor Counties. Acting in her official capacity, Ms. Damone, as well as those acting under her direction and supervision, is directly involved with and responsible for the delays and denials of access to newly filed complaints that Plaintiffs encounter. Ms. Damone's actions and the resulting delay and denial in access take place under color of Vermont law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On information and belief, Ms. Damone resides and is employed in the State and District of Vermont.

29. Plaintiffs seek injunctive and declaratory relief against Defendants, who are named in their official capacities, as well as their agents, assistants, successors, employees, and all persons acting in concert or cooperation with them or at their direction or under their control.

gravel &
shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 9 -

## Factual Allegations

### A.    CNS' Publications And Subscribers And The Vermont Media Plaintiffs

30.    CNS is a nationwide news service, which began almost 30 years ago out of a belief that news about civil litigation went unreported because the traditional news media failed to cover much of the important business of the courts.  CNS employs approximately 240 people, most of them editors and reporters, covering state and federal trial and appellate courts in all 50 states in the United States.

31.    CNS currently employs reporters who cover the state and federal trial and appellate courts of Vermont, and who are supervised by CNS' Northeast Bureau Chief.

32.    CNS offers a variety of publications including its "New Litigation Reports," which contain original, staff-written summaries of significant new civil complaints.  New Litigation Reports focus on general jurisdiction civil complaints against business institutions, public entities, prominent individuals, or other civil actions of interest to CNS subscribers.  New Litigation Reports do not cover criminal or family law matters, nor do they include residential foreclosures or probate filings.

33.    Moreover, CNS does not seek to review or report on the small number of newly filed civil complaints that are statutorily confidential or accompanied by a motion to seal.

34.    CNS publishes two New Litigation Report for courts in Vermont – the Greater New England Report, which includes coverage of Vermont's Superior Courts, and the New England Federal Report, which covers the District of Vermont.

35.    Among CNS' other publications are its two print newsletters and an electronic "Daily Brief," which covers published, nationwide appellate rulings, including all U.S. Supreme Court and federal circuit decisions, as well as significant rulings from federal district courts,

gravel &
shea  ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont  05402-0369

- 10 -

including the District of Vermont, as well as the United States Court of Appeals for the Second Circuit.

36.    In addition, CNS publishes a freely-available website featuring news reports and commentary, which is read by hundreds of thousands of readers each month.  The website functions much like a print daily newspaper, featuring staff-written articles about the news of the day from throughout the nation that are posted and rotate on and off the page on a 24-hour news cycle.

37.    CNS has approximately 2,300 subscribers nationwide to its New Litigation Reports, including more than 80 in New England, including *The Boston Globe*, Boston College Law School, Boston University, Harvard Law School, and MIT School of Management.

38.    To prepare New Litigation Reports and identify new cases that may warrant a website article, CNS reporters have traditionally visited their assigned courts, so that they can review all the complaints to determine which ones are newsworthy.  However, as the federal courts and an increasing number of state courts are making court records available online, and in light of the ongoing COVID-19 pandemic, CNS also covers courts remotely through the Internet.

39.    Reporters for and members of the Vermont Media Plaintiffs also review new civil complaints to identify cases that may be newsworthy and of interest to their audience.

40.    Given the nature of Plaintiffs' publications, any delay in the ability of a reporter to obtain and review newly filed complaints necessarily creates a delay in Plaintiffs' ability to inform subscribers and the public of the factual and legal allegations in those complaints.

B.    A Tradition Of Access To Civil Complaints On Receipt For Filing

41.    It has been a long-standing tradition for the press to review new civil complaints in courts across the country when they crossed the intake counter and before administrative

gravel &
shea  ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 11 -

processing. This practice ensures that interested members of the public learn about new cases in a contemporaneous manner, while the news is still fresh.

42.     The complaint is the foundational cornerstone of all civil litigation. It is the document by which the authority of a branch of government is invoked to publicly resolve what had previously been a private dispute. It sets forth the factual and legal claims and the relief sought. When a complaint is received by a clerk for filing, the public – which funds the operation of the courts – is entitled to know who has invoked the jurisdiction and authority of the judicial branch and to what end. When a new complaint is withheld, the public has no way of knowing that a new civil proceeding has been initiated. Even if they find out about it, through docket information or directly from parties to the case, without access to the complaint itself, the public has no reliable and accurate way to ascertain the factual and legal claims in the new civil action.

43.     Delays in access, even of one or two days, make it less likely the complaints will be reported on by the press. As a result, coverage of newsworthy cases is diminished.

44.     Since the adoption of electronic filing in Vermont, which began in 2020, access delays have been pervasive. Unlike most federal district courts and many state courts which utilize electronic filing for new complaints, the Vermont Superior Courts do not make newly filed non-confidential civil complaints available upon receipt by the court. Instead, Defendants withhold electronically filed complaints while they sit in a review queue until processed and approved by court clerks.

gravel &
shea  ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 12 -

C.    Delays In Access To Electronically Filed Civil Complaints In Vermont

45.    Beginning in March 2020, the Vermont Judiciary transitioned to a Next Generation Case Management System called Odyssey, which is now the almost exclusive method (with very limited exceptions) for accessing non-confidential court records in Vermont.

46.    As part of the transition to Odyssey, Vermont's Superior Courts, beginning in April 2020, moved to mandatory electronic filing of new complaints via Odyssey File and Serve, which is provided by a third-party vendor named Tyler Technologies, Inc. Orange, Windham, and Windsor Counties commenced electronic filing on April 20, 2020; Addison, Bennington, Chittenden, and Rutland Counties commenced electronic filing on October 19, 2020; and Caledonia, Essex, Franklin, Grand Isle, Lamoille, Orleans, and Washington Counties commenced electronic filing on March 15, 2021.

47.    Since the commencement of mandatory electronic filing, Defendants and all persons acting in concert or cooperation with them or at their direction or under their control have withheld access to newly filed civil complaints (and other e-filed records, including but not limited to, docket sheets) until after they have been reviewed, processed, approved, and "accepted" by the Superior Court clerks and their staff.

48.    As will be established at trial, since the implementation of electronic filing in Vermont, Defendants cumulatively have made on average little more than 50% of newly filed complaints available on the day of filing, with the averages in many Superior Courts well below 50% and with many complaints withheld by Defendants for two or more days after filing. The result is that Plaintiffs, and other members of the press and public, experience inordinate delays in access to newly filed civil complaints until after they have been processed and accepted into Odyssey by Defendants or their staff.

gravel &
shea   ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 13 -

49.    Defendants' policies and practices of denying access to complaints until after administrative processing prevent CNS – and by extension its readers, including its subscribers – as well as the Vermont Media Plaintiffs and other members of the press and public, from obtaining newly filed civil complaints in a contemporaneous manner.

50.    The access delays in Vermont's Superior Courts, however, are easily avoidable. Electronic filing makes it easier for courts to provide timely access to newly filed complaints. Basic intake work that was previously done by clerks at the intake counter is now done by e-filing software, which filers use to enter case information and whatever minimum submission requirements the court specifies before submitting their electronic filings, including complaints, to the court.

51.    In Vermont, the filer is responsible for appropriately designating the electronic filing as either public or confidential. If public, the filer is also responsible for redacting any confidential data elements, such as a social security, tax identification, or financial account number, and, in order to proceed with the filing, must check a "submission agreement" box certifying that the filing protects from disclosure to the public any such confidential information. Thereafter, the filer has an opportunity to review the accuracy of all information entered and, if satisfied, must click "submit" to successfully file the electronic filing with the court. Upon submission, the document, whether a complaint or otherwise, is deemed filed by the court, though not yet available for viewing by the public or press.

52.    Based on the case information entered by the filer, electronic filing software can then automatically sort and deliver newly filed non-confidential complaints (while segregating confidential e-filings so they are not publicly available) into an electronic queue where the new filings wait for review by court staff, who first run through clerical tasks and then "accept" the

gravel &
shea   ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 14 -

filing to be migrated into the court's case management system, *i.e.*, Odyssey in Vermont. It is this clerical processing that gives rise to the inordinate delays in access in the Vermont Superior Courts.

53.     In the vast majority of federal and many state courts which utilize electronic filing, unlike Vermont, new, non-confidential civil complaints flow automatically onto public access terminals and remotely online upon receipt, where they can be viewed by the public and press prior to clerk review and acceptance. Some courts provide access in this manner through e-filing systems developed by third-party vendors, like Odyssey, while others provide it directly through their own home-grown and operated e-filing systems.

54.     State courts that provide access upon receipt include New York and Connecticut – the other two states along with Vermont that are part of the United States Court of Appeals for the Second Circuit – as well as state courts in Alabama, California, Georgia, Hawaii, Nevada, Utah, and Washington. And in Arizona, the state courts likewise have recently committed to providing pre-processing access to newly filed civil complaints through their e-filing system.

55.     Among those state courts, many provide the press with access to newly filed civil complaints upon receipt, before processing by court staff has been completed, through means readily available to Defendants.

56.     In California, Georgia, and Nevada, for example, courts which use the same electronic filing and case management system as Defendants and their staff, based on software developed by Tyler Technologies, Inc., have provided timely access to CNS, and other credentialed members of the press, through a "Press Review Queue" feature that allows CNS, at no cost to the court, to view newly filed complaints as soon as they are received by the court and without waiting for court staff to process them.

gravel &
shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 15 -

57.      Defendants thus have available to them a tested means for providing pre-processing access to newly filed civil complaints upon receipt by the court – as it was with traditional press access to paper filings in courts across the nation – while busy clerks attend to their clerical tasks as their schedules allow.  This is true notwithstanding the COVID-19 pandemic.  Despite emergency orders and courthouse closures during the pandemic, state and federal courts across the nation, unlike Vermont, have continued to provide on-receipt access to newly filed civil complaints with no disruption.

58.      Prior to commencing this action, CNS made efforts to raise and address the issues giving rise to this Complaint in an attempt to resolve this matter without resorting to litigation.  On April 26, 2021, CNS sent a letter enclosing a draft complaint to Defendant Patricia Gabel, and proposing one constructive option for achieving contemporaneous access to non-confidential electronically filed civil complaints in Vermont, which, had it been adopted by Defendants, could have avoided the need for this action by resolving the delays caused by Defendants' "no access before process" policies.  Despite CNS' effort to resolve this matter, Defendants have failed to provide contemporaneous access to newly filed civil complaints.

59.      Defendants' failure to provide contemporaneous access to non-confidential electronically filed civil complaints violates the First Amendment right of access to court records.

D.      Harm Caused By Defendants' Access Delays

60.      Defendants' policies and practices of withholding access to newly filed civil complaints until after administrative processing prevent CNS, as well as the Vermont Media Plaintiffs and other members of the press, from informing the public about new court filings in Vermont's Superior Courts while the news is still fresh.  Indeed, delays in access undermine the

gravel &
shea   ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 16 -

benefit of public scrutiny and may have the same result as complete suppression, as the newsworthiness of a new filing quickly declines with time, and civil actions not reported on the day of filing are either not covered at all or receive less prominent coverage. By the time the public has access to many newly filed complaints in Vermont, the news is stale, the same as bread after one or two days.

61.   Moreover, news reports about complaints not yet available to the public are prone to inaccuracies. There is no way for the reader to learn about the factual allegations or legal claims without having access to the actual complaint.

62.   Thus, Defendants' conduct challenged in this action diminishes the ability of Plaintiffs and the rest of the media to report accurately and quickly – while the news is fresh – on the work of the courts. Defendants' conduct also damages the openness, the fundamentally public nature of the courts, by impeding coverage of new filings. Ultimately, the "no access before process" policy, adopted along with the advent of electronic filing, takes the courts backwards on transparency in the course of moving forward on technology. Technological progress should help shed light on the work of the courts rather than cast shade on the public institution.

## COUNT ONE
### Violation of U.S. Const. Amend. I and 42 U.S.C. § 1983

63.   Plaintiffs incorporate and repeat the allegations of Paragraph 1-62 herein.

64.   Defendants' actions under color of state law including, without limitation, their policies and practices of withholding newly filed civil complaints from press and public view until after administrative processing, and the resulting denial of contemporaneous access to new civil complaints upon receipt for filing, deprive Plaintiffs, and by extension their subscribers,

gravel &
shea   ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 17 -

readers, members, and the public, of the right of access to judicial records secured by the First Amendment to the United States Constitution.

65.     There is no compelling or overriding interest sufficient to justify Defendants' unconstitutional actions resulting in the denial of contemporaneous access to newly filed civil complaints under the First Amendment. Even if an overriding or compelling interest did exist, there are far less restrictive means of protecting any such interest. As such, Defendants' policies and practices are not narrowly tailored, as required by law.

66.     Plaintiffs have no adequate remedy at law to prevent or redress Defendants' unconstitutional actions, and will suffer irreparable harm, including the diminution in value of Plaintiffs' reports and loss of goodwill, as a result of Defendants' violations of its First Amendment rights. Plaintiffs are therefore entitled to declaratory and injunctive relief, both preliminary and permanent, to prevent further deprivation of the First Amendment rights guaranteed to Plaintiffs, their subscribers, members, and other readers.

## Prayer for Relief

WHEREFORE, Plaintiffs seek judgment against Defendants as follows:

a)     A declaratory judgment pursuant to 28 U.S.C. § 2201 declaring Defendants' policies and practices that knowingly effect delays in access to newly filed civil complaints, including without limitation, their policy and practice of denying access to complaints until after administrative processing, as unconstitutional under the First and Fourteenth Amendments to the United States Constitution, for the reason that these policies and practices constitute an effective denial of contemporaneous access to public court records;



gravel &
shea   ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 18 -

b)    A preliminary and permanent injunction against Defendants, including their agents, assistants, successors, employees, and all persons acting in concert or cooperation with them, or at their direction or under their control, prohibiting them from continuing their policies and practices that deny Plaintiffs contemporaneous access to newly filed civil complaints, including, without limitation, their policy and practice of denying access to complaints until after administrative processing, and requiring Defendants to provide contemporaneous access to newly filed civil complaints;

c)    An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d)    All other relief the Court deems just and proper.

Dated:    Burlington, Vermont
May 20, 2021

Robert B. Hemley, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
rhemley@gravelshea.com

William Hibsher, Esq.
(*to be admitted pro hac vice*)
Jonathan E. Ginsberg, Esq.
(*to be admitted pro hac vice*)
Bryan Cave Leighton Paisner LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
wjhibsher@bclplaw.com
jon.ginsberg@bclplaw.com

*Counsel to Plaintiffs*

gravel &
shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 19 -