UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| COURTHOUSE NEWS SERVICE; VERMONT PRESS ASSOCIATION, INC.; NEW ENGLAND FIRST AMENDMENT COALITION; GRAY MEDIA GROUP, INC. d/b/a WCAX-TV; GANNETT VERMONT PUBLISHING, INC. d/b/a *Burlington Free Press*; SAMPLE NEWS GROUP, LLC d/b/a *Barre-Montpelier Times Argus* and *Rutland Herald*; *VTDigger*, a project of the VERMONT JOURNALISM TRUST, LTD.; VERMONT COMMUNITY NEWSPAPER GROUP, LLC d/b/a *Stowe Reporter*, *News & Citizen*, *South Burlington Other Paper*, *Shelburne News*, and *The Citizen*; and DA CAPO PUBLISHING, INC. d/b/a *Seven Days*, <br><br>      Plaintiffs <br><br>      v. <br><br> PATRICIA GABEL, in her official capacity as the State Court Administrator of the Supreme Court of the State of Vermont; AMANDA STITES, in her official capacity as Clerk of Court for Addison, Bennington, and Rutland Counties; MARGARET VILLENEUVE, in her official capacity as Clerk of Court for Caledonia, Essex, Orleans, and Washington Counties; CHRISTINE BROCK, in her official capacity as Clerk of Court for Chittenden County; GAYE PAQUETTE, in her official capacity as Clerk of Court for Franklin, Grand Isle, and Lamoille Counties; and ANNE DAMONE, in her official capacity as Clerk of Court for Orange, Windham, and Windsor Counties, <br><br>      Defendants | Case No. 21-cv-00132-cr |

## JOINT STATUS REPORT AND REQUEST FOR STAY

COME NOW Plaintiffs Courthouse News Service; Vermont Press Association, Inc.; New England First Amendment Coalition; Gray Media Group, Inc. d/b/a WCAX-TV; Gannett

Vermont Publishing, Inc. D/B/A *Burlington Free Press*; Sample News Group, LLC D/B/A *Barre-Montpelier Times Argus* And *Rutland Herald*; *Vtdigger*, A Project Of The Vermont Journalism Trust, Ltd.; Vermont Community Newspaper Group, LLC D/B/A *Stowe Reporter*, *News & Citizen*, *South Burlington Other Paper*, *Shelburne News*, and *The Citizen*; and Da Capo Publishing, Inc. D/B/A *Seven Days* ("Plaintiffs), and Defendants Patricia Gabel, in her official capacity as the State Court Administrator of the Supreme Court of the State of Vermont; Amanda Stites, in her official capacity as Clerk of Court for Addison, Bennington, and Rutland Counties; Margaret Villeneuve, in her official capacity as Clerk of Court for Caledonia, Essex, Orleans, and Washington Counties; Christine Brock, in her official capacity as Clerk of Court for Chittenden County; Gaye Paquette, in her official capacity as Clerk of Court for Franklin, Grand Isle, and Lamoille Counties; and Anne Damone, in her official capacity as Clerk of Court for Orange, Windham, and Windsor Counties ("Defendants") (collectively, the "Parties"), and provide the following joint status report and request for a 30-day stay of further proceedings on remand.

## BACKGROUND

On May 20, 2021, Plaintiffs filed their complaint in this action under 42 U.S.C. § 1983 alleging that Defendants' policy and practice of restricting access to new e-filed civil complaints until after the completion of clerk processing, and the resulting delays in access, violated Plaintiffs' First Amendment rights. Dkt. 1. Plaintiffs sought injunctive and declaratory relief, and an award of attorneys' fees under 42 U.S.C. § 1988.

Plaintiffs filed an amended complaint on June 7, 2021, and moved for a preliminary injunction on July 12, 2021. Dkt. 16 and 26. Pursuant to Federal Rule of Civil Procedure 65(a)(2), and with the parties' consent, the Court consolidated the hearing on the preliminary

injunction with a trial on the merits. Dkt. 54. The consolidated hearing and trial were held on October 25, 2021. Dkt. 56.

On November 19, 2021, the Court issued an opinion and order denying as moot Plaintiffs' motion for preliminary injunction, granting in part and denying in part Plaintiffs' request for permanent injunctive relief, and denying Plaintiffs' request for declaratory relief. Dkt. 62. The Court entered judgment in favor of Plaintiffs on November 22, 2021. Dkt. 63. Defendants appealed. Dkt. 66.

On December 20, 2021, Plaintiffs filed a motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Dkt. 67. Per stipulation of the Parties, the Court stayed all proceedings regarding costs and fees during the pendency of the appeal, and until 30 days after a mandate issues from the Second Circuit. Dkt. 71.

On March 11, 2025, the Second Circuit issued its opinion affirming the judgment in favor of Plaintiffs to the extent that it found that the practice it reviewed violated the First Amendment. However it vacated the permanent injunction entered by this Court as overbroad, and remanded for proceedings consistent with its opinion, including "the parties' submissions addressed to the terms of the new injunction." *Courthouse News Serv. v. Corsones*, No. 21-3098, 2025 WL 758028 (2d Cir. Mar. 11, 2025).

## FURTHER PROCEEDINGS ON REMAND

The Parties have conferred and agree that the interests of both party and judicial economy would be served by the Parties agreeing to the terms of a proposed stipulated injunction that, if reached, could avoid the need for further proceedings relative to the entry of an amended judgment. The Parties therefore request that the Court stay any further proceedings until 30 days after mandate issues from the Second Circuit to allow them the time and opportunity to further

confer. The Court previously granted the Parties' joint stipulation to stay this matter as to Plaintiffs' claim for costs and fees until 30 days after mandate issues (Dkt. 71). This requested stay as to other, further proceedings on remand would run parallel with the existing stay as to costs and fees, with all proceedings set to resume, if necessary, 30 days after mandate issues unless otherwise ordered by the Court.

The Parties agree to file a joint status report on or before the 30th day after mandate issues that will advise the Court of the Parties' efforts to resolve this matter without the need for further proceedings, including with respect to both the stipulated injunction and amended judgment, and the need to further litigate Plaintiffs' claim for costs and fees.

Respectfully submitted,

Dated: April 9, 2025

| GRAVEL & SHEA PC | STATE OF VERMONT<br>THOMAS J. DONOVAN, JR.<br>ATTORNEY GENERAL |
|---|---|
| By: _/s/ Matthew Byrne_____<br>Matthew B. Byrne, Esq.<br>Gravel & Shea PC<br>76 St. Paul Street, 7th Floor, P.O. Box 369<br>Burlington, VT 05402-0369<br>(802) 658-0220<br>mbyrne@gravelshea.com | By: _/s/ Patrick T. Gaudet_____<br>Patrick T. Gaudet, Esq.<br>Assistant Attorney General<br>Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609-1001<br>(802) 828-3178<br>patrick.gaudet@vermont.gov |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |