UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| COURTHOUSE NEWS SERVICE; VERMONT PRESS ASSOCIATION, INC.; NEW ENGLAND FIRST AMENDMENT COALITION; GRAY MEDIA GROUP, INC. d/b/a WCAX-TV; GANNETT VERMONT PUBLISHING, INC. d/b/a *Burlington Free Press*; SAMPLE NEWS GROUP, LLC d/b/a *Barre-Montpelier Times Argus* and *Rutland Herald*; *VTDigger*, a project of the VERMONT JOURNALISM TRUST, LTD.; VERMONT COMMUNITY NEWSPAPER GROUP, LLC d/b/a *Stowe Reporter*, *News & Citizen*, *South Burlington Other Paper*, *Shelburne News*, and *The Citizen*; and DA CAPO PUBLISHING, INC. d/b/a *Seven Days*, <br><br>　　　Plaintiffs <br><br>　　　v. <br><br>TERI CORSONES, in her official capacity as the State Court Administrator of the Supreme Court of the State of Vermont; AMANDA STITES, in her official capacity as Clerk of Court for Addison, Bennington, and Rutland Counties; MARGARET VILLENEUVE, in her official capacity as Clerk of Court for Caledonia, Essex, Orleans, and Washington Counties; CHRISTINE BROCK, in her official capacity as Clerk of Court for Chittenden County; GAYE PAQUETTE, in her official capacity as Clerk of Court for Franklin, Grand Isle, and Lamoille Counties; and ANNE DAMONE, in her official capacity as Clerk of Court for Orange, Windham, and Windsor Counties, <br><br>　　　Defendants | Case No. 21-cv-00132-cr |

## JOINT STATUS REPORT AND MOTION FOR FURTHER STAY

COME NOW Plaintiffs Courthouse News Service ("Courthouse News"); Vermont Press Association, Inc.; New England First Amendment Coalition; Gray Media Group, Inc. D/B/A WCAX-TV; Gannett Vermont Publishing, Inc. D/B/A *Burlington Free Press*; Sample News Group, LLC D/B/A *Barre-Montpelier Times Argus* And *Rutland Herald*; VTDigger, a project of the *Vermont Journalism Trust, Ltd.*; Vermont Community Newspaper Group, LLC D/B/A *Stowe Reporter*, *News & Citizen*, *South Burlington Other Paper*, *Shelburne News*, and *The Citizen*; and Da Capo Publishing, Inc. D/B/A *Seven Days* ("Plaintiffs), and Defendants Patricia Gabel, in her official capacity as the State Court Administrator of the Supreme Court of the State of Vermont; Amanda Stites, in her official capacity as Clerk of Court for Addison, Bennington, and Rutland Counties; Margaret Villeneuve, in her official capacity as Clerk of Court for Caledonia, Essex, Orleans, and Washington Counties; Christine Brock, in her official capacity as Clerk of Court for Chittenden County; Gaye Paquette, in her official capacity as Clerk of Court for Franklin, Grand Isle, and Lamoille Counties; and Anne Damone, in her official capacity as Clerk of Court for Orange, Windham, and Windsor Counties ("Defendants") (collectively, the "Parties"), and provide the following joint status report and request for a 60-day stay of further proceedings on remand.

## BACKGROUND

On April 9, 2025, the Parties filed a Joint Status Report and Request for Stay ("Motion") in which they requested that the Court stay any further district court proceedings until 30 days after mandate issues from the Second Circuit to allow the Parties time and opportunity to confer over the terms of a proposed stipulated injunction that, if reached, could avoid the need for further district court proceedings. Dkt. 75. The Parties agreed to file a joint status report on or before the 30th day after mandate issued that would advise the Court of the Parties' efforts to resolve the remaining issues in this case, which included both a new injunction and Courthouse News' claim

2

for district court costs and attorneys' fees. *Id*. The Court granted the Motion that same day, April 9, 2025. Dkt. 76.

On April 15, 2025, the Second Circuit granted Courthouse News' motion for an order determining that it is entitled to an award of attorneys' fees incurred in connection with the appeal in this case, and for a referral to the district court to determine a reasonable amount. Order, Case No. 21-3098, Dkt. 167 (2d Cir. Apr. 15, 2025).

The Second Circuit issued mandate in this action on May 6, 2025. Dkt. 78.

The matters currently pending before this Court to be addressed on remand include: (1) the determination and entry of a new injunction, including "the parties' submissions addressed to the terms of the new injunction," Dkt. 78-1, at 47; (2) determination of Courthouse News' award of attorneys' fees and costs incurred in connection with the district court litigation, including the pending motion for fees and costs, Dkt. 67, and subsequently-incurred district court fees and costs; and (3) determination of the amount of appellate fees and costs.

On June 3, 2025, the Parties filed a Second Joint Status Report and Request for Stay in which they conveyed to the Court that were continuing to confer regarding the terms of a potential new injunction, as well as Courthouse News' claim for district court and appellate fees and costs. Dkt. 81. The Court granted the Parties' request for a further stay on June 5, 2025. Dkt. 83. The current stay of proceedings is set to expire on August 4, 2025. Dkt. 81 and 83.

## MOTION FOR FURTHER STAY OF PROCEEDINGS

The Parties continue to confer regarding the terms of a potential new injunction, as well as Courthouse News' claim for district court and appellate fees and costs. While the Parties have not yet reached agreement as to any of the matters on which they are conferring, they are continuing

their discussions and have not yet exhausted their efforts. Accordingly, they will require additional time to see if any agreements can be reached.

The Parties continue to agree that the interests of both party and judicial economy would be served if they could agree to the terms of a new injunction, and/or the amount of Courthouse News' fee award, thereby avoiding or limiting the need for further district court proceedings. The Parties therefore request that the Court extend the stay of any further proceedings for an additional 30 days, or to September 3, 2025.

The Parties agree to file a joint status report on or before September 3, 2025, that will advise the Court of the Parties' efforts to resolve the remaining issues in this case without the need for further court proceedings, including with respect to both the new injunction and amended judgment, and Courthouse News' claim for district court and appellate fees and costs. The Parties also agree to provide the Court with a proposed plan and dates for resolving the remaining issues in this case in the event the parties have not been successful in resolving these issues between themselves and without Court involvement.

Respectfully submitted,

Dated: August 4, 2025

| GRAVEL & SHEA PC | STATE OF VERMONT<br>THOMAS J. DONOVAN, JR.<br>ATTORNEY GENERAL |
|---|---|
| By: __/s/ Matthew Byrne__<br>Matthew Byrne, Esq.<br>Gravel & Shea PC<br>76 St. Paul Street, 7th Floor, P.O. Box 369<br>Burlington, VT 05402-0369<br>(802) 658-0220<br>mbyrne@gravelshea.com | By: __/s/ Debbie Stevens__<br>Debbie Stevens, Esq.<br>Assistant Attorney General<br>Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609-1001<br>(802) 828-1101<br>debbie.stevens@vermont.gov<br><br>*Counsel for Defendants* |

4

BRYAN CAVE LEIGHTON PAISNER LLP

By: *s/ Jonathan G. Fetterly*
Jonathan G. Fetterly (admitted *pro hac vice*)
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone: 415-675-3400
jon.fetterly@bclplaw.com


*Counsel for Plaintiffs*