UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| COURTHOUSE NEWS SERVICE; VERMONT PRESS ASSOCIATION, INC.; NEW ENGLAND FIRST AMENDMENT COALITION; GRAY MEDIA GROUP, INC. d/b/a WCAX-TV; GANNETT VERMONT PUBLISHING, INC. d/b/a *Burlington Free Press*; SAMPLE NEWS GROUP, LLC d/b/a *Barre-Montpelier Times Argus* and *Rutland Herald*; *VTDigger*, a project of the VERMONT JOURNALISM TRUST, LTD.; VERMONT COMMUNITY NEWSPAPER GROUP, LLC d/b/a *Stowe Reporter*, *News & Citizen*, *South Burlington Other Paper*, *Shelburne News*, and *The Citizen*; and DA CAPO PUBLISHING, INC. d/b/a *Seven Days*, <br><br> Plaintiffs <br><br> v. <br><br> PATRICIA GABEL, in her official capacity as the State Court Administrator of the Supreme Court of the State of Vermont; AMANDA STITES, in her official capacity as Clerk of Court for Addison, Bennington, and Rutland Counties; MARGARET VILLENEUVE, in her official capacity as Clerk of Court for Caledonia, Essex, Orleans, and Washington Counties; CHRISTINE BROCK, in her official capacity as Clerk of Court for Chittenden County; GAYE PAQUETTE, in her official capacity as Clerk of Court for Franklin, Grand Isle, and Lamoille Counties; and ANNE DAMONE, in her official capacity as Clerk of Court for Orange, Windham, and Windsor Counties, <br><br> Defendants | Case No. 21-cv-00132-cr |

**PLAINTIFFS' STATUS REPORT**

COME NOW Plaintiffs Courthouse News Service ("Courthouse News"); Vermont Press Association, Inc.; New England First Amendment Coalition; Gray Media Group, Inc. D/B/A WCAX-TV; Gannett Vermont Publishing, Inc. D/B/A *Burlington Free Press*; Sample News Group, LLC D/B/A *Barre-Montpelier Times Argus* And *Rutland Herald*; VTDigger, a project of the *Vermont Journalism Trust, Ltd.*; Vermont Community Newspaper Group, LLC D/B/A *Stowe Reporter*, *News & Citizen*, *South Burlington Other Paper*, *Shelburne News*, and *The Citizen*; and Da Capo Publishing, Inc. D/B/A *Seven Days* ("Plaintiffs"), and provide the Court with the following status report and proposed plan for further proceedings in advance of the Status Conference scheduled for August 18, 2025.[1] Dkt. 86.

**STATUS REPORT**

The Parties agree that the matters currently pending before this Court to be addressed on remand include: (1) the determination and entry of a new injunction, including "the parties' submissions addressed to the terms of the new injunction," Dkt. 78-1, at 47; (2) determination of Courthouse News' award of attorneys' fees and costs incurred in connection with the district court litigation, including the pending motion for fees and costs, Dkt. 67, and subsequently-incurred district court fees and costs; and (3) determination of the amount of appellate fees and costs. *See, e.g.,* Dkt. 85.

The Parties' discussions have not resulted in an agreement regarding the terms of a new injunction, nor have they resulted in a resolution of Courthouse News' claim for district court and appellate fees and costs. As of the date of this filing, it does not appear the Parties will be able to resolve these matters between themselves. It appears the Court will need to resolve them.

---

[1] The relevant background is set out in the Parties' previously-filed Joint Status Reports. *See* Dkt. 76, 81 and 85.

1

Plaintiffs propose that the Court first address the entry of an amended judgment. Once entered, the Court can then address Courthouse News' claim for district court and appellate fees and costs. Plaintiffs propose the following plan for addressing and resolving these issues:

**<u>Amended Judgment</u>**

Plaintiffs brought a single claim for relief under 42 U.S.C. Section 1983 and the First Amendment alleging that Defendants' policy and practice of restricting access to new e-filed civil complaints violated Plaintiffs' First Amendment right of access. Dkt. 16. Plaintiffs sought both declaratory and injunctive relief. *Id*.

On November 19, 2021, the Court ruled that Defendants' pre-access review process violated Plaintiffs' First Amendment right of access to newly filed complaints. Dkt. 62, at 29. The Court entered judgment in favor of Plaintiffs on November 22, 2021. Dkt. 63. The Court granted Plaintiffs' request for injunctive relief. Dkt. 62, at 31. The Court declined to award declaratory relief, finding "[d]eclaratory relief in this case would serve no purpose which the court's permanent injunction has not achieved." *Id.*

On appeal, the Second Circuit found "no error in [this Court's] determination that, with respect to the period examined in the trial evidence, the First Amendment gave Plaintiffs a right of access to complaints newly filed in the Superior Court and that the Defendants' pre-access review process in that period violated that right." Dkt. 78-1, at 17. However, the Second Circuit vacated the permanent injunction entered by this Court as overbroad, and remanded for proceedings consistent with its opinion. *Id*. at 47.

The Second Circuit also stated: "the district court might now wish to consider entering a declaratory judgment while contemplating the parties' submissions addressed to the terms of the new injunction." *Id*.

It is Plaintiff's understanding that Defendants may ask this Court to enter a new injunction that takes into account Defendants' changes in practice and process since the trial in October 2021, including potentially an injunction that expressly allows them some defined amount of time to review and process new e-filed civil complaints before making them available to the public. However, there is currently no evidentiary record before this Court to support entry of a new inunction that takes into account changes in process and practice over the nearly four-year period since trial, or any future changes Defendants may adopt. Moreover, any such record would need to take into account the fact that Defendants have been providing timely, pre-processing access to new e-filed complaints since December 2021, and they continue to do so to this date.[2] If Defendants abandon their current pre-processing access and revert to restricting and delaying access until after completion of clerk review and processing, then the question of whether that new practice can survive constitutional scrutiny would necessarily entail a separate claim and action. Any such action would require extensive discovery focusing on, among other things, why Defendants are not capable of maintaining the pre-processing access that has been in place for nearly four years (*i.e.,* the status quo).

Any present or future changes in practice and process in the Vermont Superior Courts are not currently before the Court. Having already incurred considerable time and expense litigating this case, Plaintiffs do not wish to take this path of re-opening discovery, and it is not necessary.

---

[2]   On December 9, 2021, approximately three weeks after this Court entered judgment following trial, Defendants began providing remote, pre-processing access to new e-filed civil complaints by automatically accepting them upon submission by filers, similar to how the majority of federal courts provide access to new e-filed documents via CM/ECF and PACER. *See* Exhibit 1. On December 2, 2022, Defendants changed practice by ceasing the remote, "auto-accept" access and replacing it with pre-processing access through a new site called the "Press Review Tool" accessible only on Public Access Terminals located at each courthouse during regular business hours. *See* Exhibit 2.

Based on the Second Circuit's holding that it found "no error in [this Court's] determination that, ***with respect to the period examined in the trial evidence***, […] Defendants' pre-access review process in that period violated [Plaintiff's First Amendment right of access]," *id.* at 17 (emph. added), Plaintiffs submit concurrently with this Status Report a proposed amended judgment accompanied by a notice of lodging. As addressed in more detail in the notice of lodging, the proposed amended judgment is limited in scope to the practices followed by Defendants during the period of time reviewed by this Court at trial (the "Trial Evidence Period"). The proposed amended judgment follows the Second Circuit's statement that:

> Had the district court entered a declaratory judgment that the pre-access process followed by the Superior Court [during the Trial Evidence Period] violated the First Amendment, or imposed an injunction prohibiting the Defendants from continuing to employ those or similar processes, we have no doubt we would have found such a ruling to be a proper exercise of the district court's discretion.

Dkt. 78-1, at 76.

Plaintiffs propose that the Court set a date by which Defendants may serve any objections they may have to the proposed amended judgment, and a date by which Plaintiffs may respond to any such objections.

### **Motion Setting Amount of CNS's Fee Award**

Plaintiffs propose that, upon the Court's entry of the amended judgment, the Parties confer and submit to the Court a proposed briefing schedule for Courthouse News' motion for district court and appellate attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

### **CONCLUSION**

Plaintiffs will be prepared to further discuss the foregoing issues with the Court at the Status Conference on August 18.

Respectfully submitted,

Dated: August 12, 2025

GRAVEL & SHEA PC

By: */s/ Matthew Byrne*
Matthew Byrne, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
mbyrne@gravelshea.com


BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Jonathan G. Fetterly*
Jonathan G. Fetterly (admitted *pro hac vice*)
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone: 415-675-3400
jon.fetterly@bclplaw.com

*Counsel for Plaintiffs*

# EXHIBIT 1

**SUPREME COURT OF VERMONT**
**OFFICE OF THE COURT ADMINISTRATOR**



**PATRICIA GABEL, ESQ.**
State Court Administrator
*patricia.gabel@vermont.gov*

**Mailing Address**
Office of the Court Administrator
109 State Street
Montpelier, VT 05609-0701

**Telephone** (802) 828-3278
**FAX:** 802 828-3457

www.vermontjudiciary.org

TO:   Members of the Vermont Bar

FROM:   Patricia Gabel, Esq., State Court Administrator

RE:   Clerk Review of Electronic Initial Civil Complaints

DATE:   December 9, 2021

To ensure you continue to receive these emails, please add JUD.AttyLicensing@vermont.gov and JUD.CAOMemotoBar@vermont.gov to your Safe Senders list.

Beginning on Friday, December 10, 2021, initial civil complaints that are submitted using the Odyssey File and Serve code "initial filing" will be automatically entered in the Judiciary's electronic case management system without prior staff review and acceptance. Previously, all electronic filings, including initial complaints and associated documents in such cases, were reviewed by staff before being entered into the electronic case management system. Some initial civil complaints are excepted from automatic entry, including those in small claims actions, stalking/sexual assault actions, and those within the original jurisdiction of the Supreme Court, or within the jurisdiction of criminal division, family division, environmental division, probate division, or the judicial bureau.

This change means that documents and information designated by the electronic filer as public that are part of the initial filing will be immediately viewable to the public on courthouse public access terminals and on the Public Portal website for users with elevated access roles.

Documents submitted under other filing codes in the same envelope or in other envelopes will continue to be reviewed and manually accepted by staff prior to being entered into the electronic case management system.

Pursuant to Rules 7(a)(3) and (4) of the Vermont Rules for Public Access to Court Records, court staff will review all initial complaints after they are entered into the system for the presence of nonpublic information that should not be publicly viewable. As with all cases under the present rules in which this screening reveals that nonpublic documents or information are part of the initial filing, court staff will take action to protect such information from public view and will send notice to the efiler to let them know what corrective actions are needed to fix defects on the filing.

# EXHIBIT 2

**From:** Vermont Judiciary <jud.trialcourtoperations@vermont.gov>
**Sent:** Friday, December 2, 2022 12:59 PM
**To:** WCAX - News <news@wcax.com>
**Subject:** Vermont Judiciary Announces New Press Review Tool

Vermont Judiciary Announces New Press Review Tool

View this email in your browser

# Vermont Judiciary Announces New Press Review Tool

Beginning on December 2, 2022, the Vermont Judiciary's Public Access Terminals will feature a new site called the Press Review Tool (PRT). This site will display new electronically filed Civil Division Complaints in the period between when the filing is submitted and when it is accepted by court staff. This tool will be available to all members of the public with no registration or fees.

**How do I access the Press Review Tool?**
The PRT has been installed on the Public Access Terminals located in each courthouse in Vermont. A list of court locations is here: Court Locations | Vermont Judiciary.

**What can I see on the Press Review Tool?**
The site will display newly filed Civil Division Complaints (the document that starts a lawsuit) and any supplemental documents filed as direct attachments to those Complaints. The following Civil cases are excluded from access via the PRT: Stalking, Sexual Assault, Small Claims. The site also will not display any documents designated as "confidential" by the filer. Although civil cases are generally public, documents with certain types of information are exempt from public access by statute and/or under the Vermont Rules for Public Access to Court Records.

**When and for how long are documents displayed on this site?**
Documents are viewable on the PRT immediately after they are filed and while they are waiting for

acceptance by court staff. Once court staff have accepted a document into Odyssey, it will no longer appear in the results on the PRT, but can instead be viewed with its associated case record on the Public Portal (also available at the public access terminal).

For general questions about the Press Review Tool and efiling processes, please contact jud.efilesupport@vermont.gov.



Our mailing address is:

Vermont Judiciary

Office of the Court Administrator

109 State Street

Montpelier, VT 05609-0701

USA

Want to change how you receive these emails?

You can update your preferences or unsubscribe from this list

**CAUTION - EXTERNAL EMAIL** This message originated from outside Gray Television and may contain malicious content. Do not click links or open attachments unless you recognize the source of this email and know the content is safe.