UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

COURTHOUSE NEWS SERVICE; VERMONT PRESS ASSOCIATION, INC.; NEW ENGLAND FIRST AMENDMENT COALITION; GRAY MEDIA GROUP, INC. d/b/a *WCAX-TV*; GANNETT VERMONT PUBLISHING, INC. d/b/a *Burlington Free Press*; SAMPLE NEWS GROUP, LLC d/b/a *Barre-Montpelier Times Argus and Rutland Herald*; *VTDigger, a project of the* VERMONT JOURNALISM TRUST, LTD.; VERMONT COMMUNITY NEWSPAPER GROUP, LLC d/b/a *Stowe Reporter, News & Citizen, South Burlington Other Paper, Shelburne News*, and *The Citizen*; and DA CAPO PUBLISHING, INC. d/b/a *Seven Days*,
      Plaintiffs,

v.

PATRICIA GABEL, in her official capacity as the State Court Administrator of the Supreme Court of the State of Vermont; AMANDA STITES, in her official capacity as Clerk of Court for Addison, Bennington, and Rutland Counties; MARGARET VILLENEUVE, in her official capacity as Clerk of Court for Caledonia, Essex, Orleans, and Washington Counties; CHRISTINE BROCK, in her official capacity as Clerk of Court for Chittenden County; GAYE PAQUETTE, in her official capacity as Clerk of Court for Franklin, Grand Isle and Lamoille Counties; and ANNE DAMONE, in her official capacity as Clerk of Court for Orange, Windham and Windsor Counties,
      Defendants.

Case No. 2:21-cv-132

**DEFENDANTS' STATUS REPORT**

Defendants submit the following status report and proposed plan for further proceedings in conformance with the guidance provided by the Second Circuit's decision.

To date, the parties' discussions have not led to any agreements regarding how to proceed in this matter. In Defendants' view, the Second Circuit ruling outlines and defines the procedure that should be followed on remand. First, this Court must issue a new order or injunction addressing whether the current practices of the Vermont Superior Courts violate the First Amendment. Second, a briefing schedule must be established to address Plaintiffs' fee claims.

### I. The Court should issue an order or injunction conforming to the guidance provided by the Second Circuit.

Because the Second Circuit vacated the injunction entered by the Court, a new order that conforms to the Second Circuit's decision is necessary. The Second Circuit decision rejected Plaintiffs' primary position. Plaintiffs' core position, at all times, has been that complaints must be made available "upon receipt prior to review" of any kind for any purpose. *See*, *e.g.*, PI Mot. at 19. Plaintiffs relied primarily, in support of this position, on *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), which it contended was controlling. PI Mot. at 1–25 (citing *Lugosch* 14 times).

The Second Circuit specifically rejected Plaintiffs' core position:

> *Lugosch* cannot be understood to mean, at least where the defendant has shown that its delays are in the service of a higher value, that the First Amendment requires a State court to allow public access to newly filed complaints immediately upon filing, without allowing the court to make any inspection whatsoever to guard against public revelation of confidential information contained in the document.

*Courthouse News Service v.* Corsones, 131 F.4th 59, 76 (2d Cir. 2025). While it stopped short of explicitly holding that the privacy interests implicated by screening new civil Complaints for sensitive confidential information constituted a "higher value," the Court noted that similar interests have been found to meet that standard. *Id.* at 68-69.

Indeed, the Court found "no justification for a ruling absolutely barring the Superior Court from instituting a substantially improved practice, especially given that at the time of the

2

trial, the Superior Court had already undertaken a substantial program of improvement in the speed and efficiency of its review practices and, by the time the court entered judgment, had already achieved considerable improvements." *Id.* 74–75. And the decision provided substantial guidance on how the Vermont Judiciary can protect privacy interest without running afoul of First Amendment principals. *Id.* at 69, 70, Fn. 19 and 20. The takeaways are:

- o That the Vermont Judiciary can now institute a revised process where the only portion of the review that occurs before new civil complaints are made public is for confidentiality, provided that any corresponding delay to conduct the review is reasonable.

- o That time frames similar to or faster than the substantially improved speeds the Second Circuit discussed on pages 74 and 75 of the opinion are reasonable.

- o Vermont has fully centralized its review process as planned and can consistently meet those thresholds.

- o Those speeds are reasonable because they reflect same-day and workday after availability percentages substantially higher than Plaintiffs has experienced at both federal and state courts nationwide.

*See generally id.*

Based on those takeaways from the Second Circuit's decision, and the evidence already before the Court that supported those findings, this Court can and should issue an order or revised injunction providing that: Vermont can review new civil Complaints before making them public to screen for sensitive confidential information, so long as the procedures adopted are narrowly tailored and any delay caused by such a review is reasonable.

In keeping with that guidance, Defendants have devised the following process that they believe is responsive to the Second Circuit guidance. The process includes:

1. A Central Review Team (CRT) continually checks incoming e-filing queues for new civil complaints and prioritizes their review.

3

2. The CRT reviews the filings for any confidential information. If there is no confidential information, the filing is immediately accepted and it is then publicly accessible.

3. If there is confidential information, the filing is rejected and the e-filer is directed to redact the confidential information and re-file.

4. New civil complaints are reviewed and processed typically within one business hour but, at the latest, within four business hours.

5. The CRT also checks the incoming queue at 4:30 pm on business days and, if there are any new civil complaints that have not yet been processed at that time, they are processed then.

This process is crafted to address the "higher purpose" of protecting the sensitive confidential information of litigants and third parties and is well-tailored to protecting that interest with only a minimal, reasonable delay. It limits the review to confidential matters yet provides speedy access by prioritizing review and processing of new civil complaints, ensuring that any new civil complaints awaiting review and process at the end of a business day are processed that business day, and provides four business hours as the outside limit for when a new civil complaint is reviewed and processed.

If helpful, the Court could set a reasonably expeditious briefing schedule for the parties to address the proper scope of any new order or injunction.

Contrary to Plaintiffs' claims, a process whereby the Court simply issues a declaratory judgment regarding a process that was already discarded at the time of the initial injunction is not an orderly or productive way forward. Plaintiffs' Complaint was not limited to the temporary review process initially instated by the Vermont Judiciary, but challenged the ability of Vermont

Court's to perform any pre-access review. *See* Complaint. The Complaint has not been amended or voluntarily dismissed. There is therefore still a live controversy between the parties about what the Vermont Judiciary can do now and going forward. The Court should resolve that now and confirm that the Vermont Judiciary can review complaints for confidentiality in a pre-access review process.

### II.  Once the merits are addressed, the Court should set a briefing schedule to address Plaintiffs' fee claims.

The Court should first resolve the merits, as discussed above, before turning to the fees issue. Addressing the fee claim while litigation remains on the merits is inefficient and is likely to cause duplicative effort and expense.

Once the merits are addressed in a new order or injunction, the Court should set a briefing schedule to address Plaintiffs' fee claims. Any fee claims by Plaintiffs should be significantly reduced, based both on the limited success Plaintiff achieved, and due to significant overbilling. *See Courthouse News Service v. Planet*, 2022 WL 2062467, *3–4 (C.D. Cal. Jan. 24, 2022) (awarding 43% of the fees sought in a case where CNS was technically a prevailing party but the "disposition altered little in the real-world relationship between the parties in this case"). While Plaintiffs obtained an injunction from this Court barring any pre-access review process, that injunction was vacated by the Second Circuit. On the fundamental question of whether the Vermont Judiciary can protect the privacy interests of litigants and third parties going forward, the Second Circuit opinion indicates they can.

### Conclusion

This Court should issue an order implementing the Second Circuit's decision regarding what steps the Vermont Judiciary can take in protecting privacy interests. It is also crucial to select an efficient way forward because this case has been a vastly disproportion drain on

resources. In exchange for obtaining, at best, a favorable ruling regarding a temporary short-term program adopted during the pandemic, Plaintiffs are expected to request fees, roughly 25% of the total annual payroll for all of Vermont's Superior Court judges, for work done by more than 10 timekeepers on a case defended almost exclusively by a single Assistant Attorney General working on it part-time. Defendants respectfully submit that the remaining claims can be efficiently addressed as described above.

DATED at Montpelier, Vermont on the 18th day of August 2025.

>	STATE OF VERMONT
>
>	CHARITY R. CLARK
>	ATTORNEY GENERAL
>
> By:	/s/ David Groff
>	David Groff
>	Assistant Attorney General
>	Office of the Attorney General
>	109 State Street
>	Montpelier, VT 05609-1001
>	(802) 828-1103
>	David.Groff@vermont.gov
>
>	Counsel for Defendants