UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 SEP -5 PM 3: 11

CLERK

BY _LAW_
DEPUTY CLERK

| | |
|---|---|
| COURTHOUSE NEWS SERVICE; VERMONT PRESS ASSOCIATION, INC.; NEW ENGLAND FIRST AMENDMENT COALITION; GRAY MEDIA GROUP, INC., d/b/a WCAX-TV; GANNETT VERMONT PUBLISHING, INC., d/b/a *Burlington Free Press*; SAMPLE NEWS GROUP, LLC, d/b/a *Barre-Montpelier Times Argus* and *Rutland Herald*; *VTDigger,* a project of the VERMONT JOURNALISM TRUST, LTD.; VERMONT COMMUNITY NEWSPAPER GROUP, LLC, d/b/a *Stowe Reporter, News & Citizen, South Burlington Other Paper, Shelburne News,* and *The Citizen*; and DA CAPO PUBLISHING, INC., d/b/a *Seven Days*, <br><br> Plaintiffs, <br><br> v. <br><br> PATRICIA GABEL, in her official capacity as the State Court Administrator of the Supreme Court of the State of Vermont; AMANDA STITES, in her official capacity as Clerk of Court for Addison, Bennington, and Rutland Counties; MARGARET VILLENEUVE, in her official capacity as Clerk of Court for Caledonia, Essex, Orleans, and Washington Counties; CHRISTINE BROCK, in her official capacity as Clerk of Court for Chittenden County; GAYE PAQUETTE, in her official capacity as Clerk of Court for Franklin, Grand Isle, and Lamoille Counties; and ANNE DAMONE, in her official capacity as Clerk of Court for Orange, Windham, and Windsor Counties, <br><br> Defendants. | Case No. 2:21-cv-000132 |

## AMENDED DECLARATORY JUDGMENT AND
## PERMANENT INJUNCTIVE RELIEF

This action came before the Court on the Amended Complaint of Plaintiffs Courthouse News Service; Vermont Press Association, Inc.; New England First Amendment Coalition; Gray Media Group, Inc., D/B/A WCAX-TV; Gannett Vermont Publishing, Inc., D/B/A *Burlington Free Press*; Sample News Group, LLC, D/B/A *Barre-Montpelier Times Argus* and *Rutland Herald*; *VTDigger*, a project of the Vermont Journalism Trust, Ltd.; Vermont Community Newspaper Group, LLC, D/B/A *Stowe Reporter*; *News & Citizen*; *South Burlington Other Paper*; *Shelburne News*; and *The Citizen*; and Da Capo Publishing, Inc., D/B/A *Seven Days* ("Plaintiffs") for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution against Defendants Patricia Gabel, in her official capacity as the State Court Administrator of the Supreme Court of the State of Vermont; Amanda Stites, in her official capacity as Clerk of Court for Addison, Bennington, and Rutland Counties; Margaret Villeneuve, in her official capacity as Clerk of Court for Caledonia, Essex, Orleans, and Washington Counties; Christine Brock, in her official capacity as Clerk of Court for Chittenden County; Gaye Paquette, in her official capacity as Clerk of Court for Franklin, Grand Isle, and Lamoille Counties; and Anne Damone, in her official capacity as Clerk of Court for Orange, Windham, and Windsor Counties ("Defendants").

Plaintiffs filed this suit on May 20, 2021, alleging that the Defendants' policy of withholding newly filed civil complaints from public access until Defendants completed their pre-access review process violated Plaintiffs' First Amendment rights. (Doc. 1.) On June 7, 2021, Plaintiffs filed an Amended Complaint. (Doc. 16.) Pursuant to Federal Rule of Civil Procedure 65(a)(2), with the parties' consent, the court consolidated the hearing on Plaintiffs' motion for preliminary injunction with a trial on the merits. The parties stipulated to a trial without live witnesses, asking the court to make its factual findings based on the materials they submitted. The trial was held on October 25, 2021.

The court reviewed the delays resulting from Vermont's pre-access review process in releasing to the public the 4,156 complaints filed in the Superior Court during the

approximately sixteen months between the Vermont trial court's transition to electronic filing and August 6, 2021 (the last day for which data was produced prior to trial) (the "Trial Evidence Period"). The court found that the delays during the Trial Evidence Period were as follows: 54.8% of complaints were made available to the public on the day of filing; 22.6% were made available on the day after filing; 4.6% were made available two days after filing; 6.7% were made available three days after filing; and 11.4% were made available four or more days after filing.

The court further found that delays during the Trial Evidence Period were longer in some county units of the Superior Court than others. For example, over the entire period, the percentage of newly filed civil complaints made available on the day they were filed ranged from 3.8% in Essex County to 81.6% in Windham County. Delays fluctuated, and in some weeks, no newly filed civil complaints were made available the day they were filed, while in another week, 91.7% were made available the same day as filing.

On November 19, 2021, the court determined that Defendants' pre-access review process violated Plaintiffs' First Amendment right of access to newly filed complaints. (Doc. 62 at 29.) The court entered judgment in Plaintiffs' favor on November 22, 2021. On appeal, the Second Circuit found "no error in the district court's determination that, with respect to the period examined in the trial evidence, the First Amendment gave Plaintiffs a right of access to complaints newly filed in the Superior Court and that the Defendants' pre-access review process in that period violated that right." (Doc. 78-1 at 17).

Pursuant to the mandate issued on May 6, 2025, it is hereby ORDERED, ADJUDGED, and DECREED that, pursuant to Federal Rule of Civil Procedure 58, judgment be entered in this action for Plaintiffs and against Defendants as follows:

1. Plaintiffs have a presumptive First Amendment right of access to newly filed complaints, which attaches upon a court's receipt of such complaints.
2. This presumptive right of timely access attaches on receipt regardless of whether courts use paper filing or e-filing systems.

3. The pre-access review process followed by the Vermont Superior Courts during the Trial Evidence Period violated Plaintiffs' First Amendment right of access to newly filed complaints for the reasons stated by the Second Circuit in its Opinion dated March 11, 2025.

4. It is further ORDERED, ADJUDGED, and DECREED that Defendants are hereby permanently enjoined from continuing to employ the pre-access review process followed by the Vermont Superior Courts during the Trial Evidence Period.

5. Within fourteen (14) days of this Order, the parties shall submit a briefing schedule to address Plaintiffs' claims for attorney's fees.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 5th day of September, 2025.

Christina Reiss, Chief Judge
United States District Court

**JUDGMENT ENTERED ON DOCKET**
**DATE: 9/5/2025**